IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRIAN C. ASHBAUGH,

    Plaintiff,

v.

3:16-CV-2332-PK

OPINION AND ORDER

MCMINNVILLE POLICE DEPARTMENT,
YAMHILL COUNTY DISTRICT ATTORNEY'S
OFFICE, YAMHILL COUNTY CIRCUIT
COURT, and YAMHILL COUNTY JAIL,

    Defendants.

PAPAK, Magistrate Judge:

    Plaintiff Brian Cody Ashbaugh, at that time acting *pro se*, filed this action *in forma pauperis* against defendants the McMinnville Police Department (the "MPD"), the Yamhill County District Attorney's Office (the "YCDAO"), the Yamhill County Circuit Court (the "YCCC"), and the Yamhill County Jail (the "YCJ") on December 16, 2016. Effective April 18, 2017, having determined that Ashbaugh would benefit from court-appointed *pro bono* counsel, I

Page 1 - OPINION AND ORDER

made the first of several attempts to appoint counsel to represent Ashbaugh in connection with his claims against the defendants. Ultimately, on May 11, 2017, Matthew N. Miller accepted the appointment to represent Ashbaugh.

On June 13, 2017, Ashbaugh, acting through Miller as his legal representative, moved to sever those of his claims in connection with which Miller was willing and able to represent him from those of his claims in connection with which Miller was either unwilling or unable to represent him, and for leave of court to amend his pleading in this action to restate only those claims in connection with which he intended to proceed on a *pro se* basis (with the understanding that Ashbaugh, by and through Miller as his legal representative, would file a new action in connection with which he would allege only those claims in connection with which Miller was willing and able to represent him). On June 19, 2017, I granted Ashbaugh's motion to sever and motion for leave to amend. On June 30, 2017, by and through Miller as his legal representative, Ashbaugh filed the contemplated new action (the "17-1038 action"), naming only the YCDAO and the YCJ as defendants therein, and alleging those defendants' liability under 42 U.S.C. § 1983 for the violation of his Fourth Amendment right to freedom from unreasonable seizure and for the violation of his Fourteenth Amendment right to procedural due process in connection with Ashbaugh's detention in the YCJ without arraignment from May 7 to 27, 2015.

Effective July 27, 2017, Ashbaugh filed an amended complaint in this action, apparently without the assistance of Miller or any other legal representative (notwithstanding that, at that time, Miller remained Ashbaugh's counsel of record in this action). By and through his amended complaint, Ashbaugh appears to allege (i) the liability of the MPD, possibly under Oregon common law, for false arrest and/or wrongful imprisonment, abuse of process, defamation, and

discrimination, and perhaps additionally under Section 1983 for violation of his Fourth Amendment right to freedom from unreasonable seizure and/or his Fourteenth Amendment right to procedural due process, and perhaps additionally for violation of the Freedom of Information Act, and (ii) the liability of the YCDAO, YCCC, and YCJ under Section 1983 for violation of his Fourth Amendment right to freedom from unreasonable seizure, his Fourteenth Amendment right to procedural due process, and his Seventh Amendment right to trial, and under Oregon common law for defamation, "simulation of legal process," and "forced homelessness." It appears possible that Ashbaugh's claims against the YCDAO, YCCC, and the YCJ, including his Fourth and Fourteenth Amendment claims, may (like the claims that were severed from this action effective June 19, 2017) arise in part out of his detention in the YCJ without arraignment from May 7 to 27, 2015.

On August 9, 2017, Miller moved for leave to withdraw from representing Ashbaugh in this action, and I granted the motion on that same day. Notwithstanding the foregoing, after the YCDAO and YCCC moved for dismissal of Ashbaugh's claims against them herein, on October 5, 2017, Miller advised the court that he would represent Ashbaugh in this action for the limited purpose of opposing those defendants' motion to dismiss.

Now before the court is the YCDAO's and the YCCC's motion (#54) to dismiss Ashbaugh's claims against them in this action on the sole asserted ground of Eleventh Amendment immunity from suit. I heard oral argument on behalf of the parties in connection with the moving defendants' motion to dismiss on November 28, 2017.[1] At oral argument, the

---

[1] Ashbaugh was represented at oral argument by Miller, and additionally appeared and spoke on his own behalf. The YCDAO, the YCCC, the YCJ and the MPD appeared through their respective counsel.

Page 3 - OPINION AND ORDER

parties agreed that it would be appropriate for Ashbaugh to amend his pleading in this action a second time, specifically to clarify that he alleges no claim herein that is also alleged in connection with the 17-1038 action and to abandon his claims to the extent alleged against defendant the YCCC (on the ground that the YCCC clearly enjoys Eleventh Amendment immunity from suit as a matter of law in connection with Ashbaugh's claims against it); moreover, all defendants consented to such amendment, and defendants the YCDAO and the YCCC agreed, on the understanding that it is not clear on the face of Ashbaugh's current pleading whether or not the YCDAO enjoys Eleventh Amendment immunity from suit in connection with Ashbaugh's claims, that such amendment would moot their pending motion (#54) to dismiss. Accordingly, I directed Ashbaugh so to amend his pleading by not later than December 13, 2017, and I advised all parties that, in the event Ashbaugh's second amended complaint appeared to allege any claim also alleged in connection with the 17-1038 action, I would strike any such duplicative claim from the second amended complaint herein.

Having directed Ashbaugh to amend his pleading in a manner that the defendants agree will render moot the moving defendants' motion to dismiss, I construe the representations of the YCDAO's and the YCCC's counsel at oral argument as a voluntary withdrawal of their motion to dismiss. On that construction, the pending motion (#54) to dismiss is deemed withdrawn with leave to refile in the event that Ashbaugh fails to amend his pleading as discussed above by December 13, 2017.

## CONCLUSION

For the reasons set forth above, the YCDAO's and the YCCC's motion (#54) to dismiss is

/ / /

deemed voluntarily withdrawn, and plaintiff Ashbaugh is directed to amend his pleading as discussed above by not later than December 13, 2017.

Dated this 29th day of November, 2017.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge

Page 5 - OPINION AND ORDER