UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRIAN C. ASHBAUGH,                                          3:16-cv-02332-JR

                              Plaintiff,

                                            FINDINGS & RECOMMENDATION

        v.

MCMINNVILLE POLICE DEPARTMENT,
YAMHILL COUNTY JAIL,

                              Defendants.

RUSSO, Magistrate Judge:

        Plaintiff, appearing pro se, initiated this civil rights action on December 16, 2016, regarding

his arrest by the McMinnville Police Department in December 2014.  On April 17, 2017, the Court

concluded plaintiff would benefit from pro bono counsel.   On May 31, 2017, attorney Matthew

Miller accepted appointment limited to claims involving failure to arraign.

        On June 19, 2018, the Court granted plaintiff's request to sever his failure to arraign claims,

so that those claims will proceed separately. Plaintiff proceeds pro se with his remaining claims,

including subsequently amending his complaint three times.

        On August 14, 2018, the Court dismissed the claims against the Yamhill County District

Page 1 - FINDINGS & RECOMMENDATION

Attorney's Office without prejudice, and dismissed claims against defendants Holly Winters and Alicia Kay Eagan with prejudice.

On February 22, 2019, the remaining defendants moved for summary judgment (doc. 100). Although the motion included the summary judgment standards and a warning about the consequences of failing to respond, plaintiff did not file any opposition or otherwise respond to the motion. On April 15, 2019, the Court issued an Order to Show Cause and another Order advising plaintiff of the federal summary judgment standards (doc. 104). The Court ordered plaintiff to respond to the motion by May 6, 2019, or show cause why the action should not be dismissed. The Court specifically warned plaintiff that a failure to respond would result in dismissal. To date, plaintiff has not responded to either the summary judgment motion or the order to show cause.

Expeditious resolution of litigation is in the public interest. Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir.1999). Plaintiff has not formally appeared in this case since filing a second amended complaint on January 16, 2018. Since that time plaintiff has neglected to respond to a motion to dismiss filed on January 26, 2018, a Findings and Recommendation recommending granting the motion to dismiss filed on May 18, 2018; and a motion to compel discovery filed on January 23, 2019. In addition, plaintiff failed to appear for a Rule 16 conference held on October 30, 2018. Plaintiff's failure to participate in this case interferes with the Court's management of its docket. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (routine noncompliance by litigants interferes with docket management). Defendants had to resort to filing a motion to compel due to plaintiff's repeated failure to participate in this case and expend resources on filing a motion for summary judgment to which plaintiff has not responded. Although disposition on the merits is favored, plaintiff's failure to respond has made it impossible for the Court to address the merits of plaintiff's position. Moreover, the Court has previously attempted the less drastic alternative of

Page 2 - FINDINGS & RECOMMENDATION

compelling plaintiff's participation via an Order to Show cause. Accordingly, this action should be dismissed for failure to prosecute and failure to follow a court order. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.").

CONCLUSION

This action should be dismissed. All pending motions should be denied as moot and a judgment should enter.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 8th day of May, 2019.

/s/ Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge

Page 3 - FINDINGS & RECOMMENDATION